IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | 3:04-cr-00174 |
| v. | * | |
| EUGENE WINTERS, | * | ORDER |
| Defendant. | * | |

Before the Court is a motion, filed by Eugene Winters ("Defendant"), requesting an attorney in regard to seeking a reduction to Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) and United States Sentencing Guideline amendment 750 (hereinafter "Amendment 750"). Clerk's Nos. 97. The Court construes Defendant's request as a motion for a sentence reduction.

18 U.S.C. § 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10.

Defendant pled guilty to one count of conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). *See* Clerk's No. 76. As a result of this plea and Defendant's prior criminal convictions, he faced a mandatory 20 year term of

incarceration.  *See* Clerk's No. 41.  Accordingly, Defendant's guideline range at the time of his sentencing was based on the mandatory minimum sentence contained in 21 U.S.C. § 841(b)(1)(A), not recently amended United States Sentencing Guideline § 2D1.1.  *See* USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Thus, Defendant is not eligible for a reduction in sentence because Amendment 750 does not lower Defendant's guideline range.  *See* USSG § 1B1.10, comment. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . if [an amendment] is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*)." (emphasis added)).

Therefore, because Defendant's applicable guideline range has not changed, he is not eligible for relief pursuant to § 3582(c)(2) and Amendment 750.  Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated this __10th__ day of February, 2012.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT